UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD BROWN,<br><br>            Plaintiff,<br><br>    v.<br><br>EDDIE DIAZ, ERIC HOWARD, LAERTIS MORAITIS and DANIEL VILLALOBOS,<br><br>            Defendants. | No. 2:17-CV-01157-KJM-AC<br><br><br>ORDER |

        Plaintiff moves for leave to amend his complaint to add a First Amendment claim. For the reasons below, the court GRANTS plaintiff's motion.

I.     BACKGROUND

        Plaintiff filed his initial complaint on June 1, 2017 alleging: (1) defendants Officer Diaz, Officer Howard and Officer Moraitis violated his Fourth and Fourteenth Amendment rights to be free from unreasonable searches, seizures and use of force, and (2) all four defendants caused plaintiff to be maliciously prosecuted. *See* Compl., ECF No. 1 at 4-6. These claims arise from a June 3, 2015 altercation between plaintiff and the defendants, which began when

Villalobos and Moraitis stopped plaintiff for a routine traffic violation. Pl.'s Mot. to Am. ("Motion"), ECF No. 37 at 3-5. At Villalobos' request, plaintiff provided his license and began searching for his registration. *Id.* While plaintiff looked for his registration, Villalobos returned to his patrol unit to run a warrant check. *Id.* Defendants Howard and Diaz then arrived at the scene as a second patrol unit. *Id.* Howard approached plaintiff's vehicle, attempted to open the locked driver side door and drew his firearm, telling plaintiff to exit the vehicle. *Id.* When plaintiff refused, Howard holstered his firearm and drew his taser. *Id.* As plaintiff began to roll up his half-opened window, he alleges the top of the taser became stuck between the window and the doorframe. *Id.* Howard then discharged the taser toward plaintiff. *Id.* Defendants ultimately arrested plaintiff and he was charged with resisting arrest, possession of a controlled substance and possession of marijuana for sale. Def.'s Opp'n To Mot. to Am. ("Opposition"), ECF No. 41 at 2. After a jury trial, plaintiff was found not guilty on all counts. *Id.*

The court's November 9, 2017 initial scheduling order provides, in pertinent part, "No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." ECF No. 29 at 1 (citing Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)). The order set a June 22, 2018 fact discovery deadline and an August 20, 2018 deadline to exchange expert reports. *Id.* Plaintiff took defendant Howard's deposition on June 19, 2018. Mot. at 6. On July 10, 2018, the parties participated in a settlement conference but the case did not settle. *Id.* Plaintiff then ordered defendants' deposition transcripts and received them on July 23, 2018. *Id.* On August 3, 2018, plaintiff filed the instant motion requesting leave to amend his complaint and to amend the scheduling order to allow the same. *Id.* at 1.

II. <u>STANDARD</u>

A party seeking leave to amend pleadings after a deadline specified in the scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Distinct from Rule 15(a)'s liberal amendment policy, Rule 16(b)'s good cause standard

2

focuses primarily on the diligence of the moving party, and its reasons for seeking modification. *Johnson*, 975 F.2d at 609

If good cause exists, the movant next must satisfy Rule 15(a). *Cf. id.* at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), for its explication of this order of operations). Federal Rule of Civil Procedure 15(a)(2) provides, "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton et al.*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

III. ANALYSIS

A. "Good Cause" Under Rule 16

Because plaintiff seeks leave to amend after the court's effective November 9, 2017 deadline, he must first satisfy Rule 16(b). *See* ECF No. 29; Fed. R. Civ. P. 16(b). Plaintiff argues he has done so because he first discovered the grounds for his First Amendment claim when he received the transcript of Howard's deposition, and he moved to amend his complaint as soon as practicable thereafter. Mot. at 10. Specifically, plaintiff argues the deposition transcript clearly revealed: (1) "Howard claims that [plaintiff] expressed his opinion that he felt like he should not have to exit his vehicle and that he believed he had no reason to . . . ." and (2) Howard's reason for wanting plaintiff to exit the vehicle was not officer safety. Mot. at 6-9.

Defendants argue that none of this evidence is new to plaintiff. Opp'n at 3-4. Rather, they say, plaintiff knew what he said to Howard during the altercation, and he learned any other relevant information during the criminal trial that resulted from the arrest underlying his malicious prosecution claim. *Id.*

The court finds plaintiff has established good cause because he is diligently seeking leave to amend his complaint after obtaining a formal copy of Howard's deposition testimony. *Cf. Kannar v. Alticor Inc.*, No. CV 09-2500 PSG (VBKx), 2010 WL 891289, at *4 (C.D. Cal. Mar. 10, 2010) (granting defendants with heightened pleading burden leave to amend answer after deadline when defendants obtained concession from plaintiff that was suggestive of plaintiff's relevant state of mind); *Atencio v. Arpaio*, No. CIV. 12-2376-PHX-PGR, 2013 WL 6410176, at *2 (D. Ariz. Dec. 9, 2013) (even though amendment ultimately futile, plaintiffs were diligent in seeking to amend their excessive force complaint ten days after new information about officer training was elicited in depositions of defendant officers). Although plaintiff may have been able to recall what he said to Howard during the altercation when he filed his complaint, Howard's sworn statements at deposition provided plaintiff with new insight into Howard's internal thought process during the altercation. *See, e.g.*, Mot. at 8 ("Q. Well, [being shot to death] was never a concern again, right, because you never pulled your sidearm back out? Is that fair to say? A. Correct."). There is no evidence before the court showing that this issue arose during plaintiff's criminal trial, and therefore the court has no reason to believe plaintiff was aware of what Howard would say under oath when he filed his first complaint. *Cf. In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (affirming district court's holding that no good cause existed because plaintiff had been "aware of the facts and theories supporting amendment since the inception of the action"). Here, plaintiff diligently moved to amend only eleven days after receiving the deposition transcript. *See* Mot. at 9. Plaintiff's month-long delay in ordering the deposition transcript after the deposition is explained by the fact that the parties were heading into a settlement conference, and plaintiff presumably intended to make a good faith effort to settle the case. *See* Reply, ECF No. 43 at 2.

B.   Propriety of Amendment Under Rule 15

Because plaintiff has satisfied Rule 16(b)'s "good cause" standard, the court must decide whether the request to amend satisfies Rule 15(a). *Cf. Johnson*, 975 F.2d at 608. The factors cited in *Johnson v. Buckley* weigh in favor of granting plaintiff's request. *See* 356 F.3d 1067, 1077 (9th Cir. 2004) (listing relevant factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings").

There is no evidence that plaintiff seeks to bring his new claim in bad faith or causes undue delay in doing so. Bad faith exists, for example, when the moving party seeks to amend merely "to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Here, plaintiff brought the instant motion promptly after receiving the relevant deposition transcript. *See* Mot. at 9. That he waited until after the unsuccessful settlement conference to order the transcripts in question is not an indication of bad faith, but a logical explanation for plaintiff's delay and a sign that plaintiff intended to meaningfully engage in settlement talks. *See* Reply at 4.

Defendants have not met their burden of showing they will suffer prejudice if leave to amend is granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (citing *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977) ("The party opposing amendment bears the burden of showing prejudice.")). They were on notice of the possibility of plaintiff's new claim before the deadline for expert reports passed. *See* Reply at 2. More importantly, the court will entertain an adjustment of the case schedule to allow limited additional expert discovery.

Granting leave to amend is not futile because the record now includes evidence that could support plaintiff's claim that Howard's use of force was not motivated by officer safety concerns, but by plaintiff's exercise of his First Amendment rights. Finally, plaintiff has not amended his complaint previously. Thus, under Rule 15(a), the request to amend should be granted.

/////

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion to amend his complaint. Plaintiff must file his first amended complaint within seven (7) days. The parties are ORDERED to meet and confer and jointly propose amendments to the scheduling order necessitated by this order, if any, within fourteen (14) days.

IT IS SO ORDERED.

DATED: October 1, 2018.

_____
UNITED STATES DISTRICT JUDGE