Charles Tony Piccuta (258333)
Charles Albert Piccuta (56010)
PICCUTA LAW GROUP, LLP
400 West Franklin Street
Monterey, CA 93940
Telephone: (831) 920-3111
Facsimile: (831) 920-3112
charles@piccutalaw.com
chuck@piccutalaw.com

Attorneys for Plaintiff
Trinidad Brown

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRINIDAD BROWN,<br>Plaintiff,<br>v.<br>EDDIE DIAZ, ERIC HOWARD, LAERTIS MORAITIS and DANIEL VILLALOBOS,<br>Defendants. | Case No.: 2:17-CV-01157-KJM-AC<br><br>**PLAINTIFF'S APPLICATION TO EXTEND PAGE LIMITATIONS FOR PLAINTIFF'S OPPOSITION TO HOWARD'S MOTION FOR SUMMARY JUDGMENT**<br><br>DATE: February 8, 2019<br>TIME: 10:00 a.m.<br>COURTROOM: 3, 15th floor<br><br>JUDGE: Honorable Kimberly J. Mueller |

NOW COMES Plaintiff, Trinidad Brown ("Plaintiff"), by and through undersigned counsel and hereby applies to the court for an extension of the page limitation with respect to his Opposition to Howard's Motion for Summary Judgment *nunc pro tunc*.

On January 18, 2019, Plaintiff filed his Opposition to Howard's Motion for Summary Judgment. The brief submitted, excluding tables of authorities and table of contents, totaled 36 pages. In reviewing the Local Rules for the Eastern District, counsel did not find a page limitation on such briefs. In reviewing the Court's standing Order today, for purposes of determining the proper address to forward courtesy copies to chambers, counsel found language

limiting oppositions to motions to 20 pages ***for the first time***. This language was not located previously due to an inadvertent oversight by counsel. As a result, counsel submitted a brief that exceeds the Court's page limitations without first seeking permission to do so.

Counsel appreciates the importance of the page limitation given the incredible caseload that the judges and their staff in the Eastern District of California are required to handle. Counsel further knows that this District previously maintained one of the highest caseloads per judge of any district in the country, and likely still does. Without doubt, a violation of this important requirement, likely does not take favor with the Court and infuriates the judges and staff who require that counsel are exacting with their briefs and to the point. Simply put, the Court does not have the time or interest to sift through superfluous arguments and verbose briefs.

With that understanding, Plaintiff applies to this Court to extend the page limitation for Plaintiff's Opposition from 20 pages to 36 pages and requests that an Order issue allowing the same nunc pro tunc. Good cause exists to approve this application for four reasons: 1) because the brief opposes a motion for summary judgment that seeks to terminate the action on the merits; 2) because all 36 pages were required to address the several claims and issues involved in the motion for summary judgment; 3) because allowance of the 36 pages is necessary for Plaintiff to adequately explain the controlling case law; and 4) allowing the thorough analysis of the controlling case law in the Opposition (which dictated a longer brief) will actually allow the Court to more efficiently issue an Order and save it time overall.

With respect to the first reason, a motion for summary judgment must be treated more seriously than motions that do not have the potential to terminate a case on the merits. As such, Plaintiff should be afforded leeway and some flexibility within reason to provide a brief that allows him to fully defend against such a motion. Allowing the 36 pages requested allows Plaintiff to do so here.

Plaintiff needed the additional pages to oppose the motion for summary judgment because several claims and issues needed to be addressed. Specifically, Plaintiff was required to address: the Excessive Force Claim, the Unlawful Arrest Claim, the First Amendment Retaliation Claim, the Malicious Prosecution Claim and Qualified Immunity. To complicate the matter, was the fact

that the conduct complained of gave rise to multiple acts that could constitute unlawful arrest and excessive force. Specifically, the unlawful arrest, excessive force and First Amendment retaliation claims could all be derived from the pointing of the loaded gun at Plaintiff's head, the tasering of Plaintiff in the vehicle (with no active resistance) or the formal taking of Plaintiff into physical custody and arresting him under C.P.C. 148(a)(1). Since there were at least three separate acts by Defendant Howard that could constitute unlawful arrest, excessive force and First Amendment retaliation, they all needed to be discussed in turn.

As a result of the aforementioned, a different set of cases applied to each instance of misconduct. For example, a different set of cases applied to the pointing of a loaded firearm at Brown's head. On the other hand, another set of cases applied to the tasering of Brown.

The controlling cases for each instance of misconduct were discussed in turn in the Opposition. Plaintiff provided the Court with a thorough analysis of the cases and why they were factually congruent or inapposite. Such a comprehensive analysis could not have been completed under the 20 page limit. Moreover, Plaintiff believes, that the analysis is such that the Court will actually benefit and expend less time in reaching its conclusion and drafting its order as a result. Finally, Plaintiff will be materially prejudiced if his Opposition as filed is not considered in its totality on the merits.

WHEREFORE Plaintiff respectfully requests that the Court grant Plaintiff's application to extend the page limit on Plaintiff's Opposition to Defendant Howard's Motion for Summary Judgment nunc pro tunc.

Dated: January 22, 2019

**PICCUTA LAW GROUP, LLP**

/s/ C.T. Piccuta

Charles Tony Piccuta
Attorneys for Plaintiff
TRINIDAD BROWN

**ORDER**

The Court, having considered Plaintiff's Application to Extend Page Limitations for Plaintiff's Opposition to Howard's Motion for Summary Judgement, and finding good cause appearing therefore, hereby grants the Application and request. Plaintiff's Opposition as filed shall be allowed nunc pro tunc and the page limits applicable thereto extended to 36 pages exclusive of table of content and tables of authorities

**IT IS SO ORDERED.**

DATED: January 24, 2019

UNITED STATES DISTRICT JUDGE